PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
———————————

No. 16-3722
———————————


COLLEEN REILLY; BECKY BITER;
ROSALIE GROSS

v.

CITY OF HARRISBURG;
HARRISBURG CITY COUNSEL;
MAYOR ERIC PAPENFUSE, In his Official capacity as
Mayor of Harrisburg

Colleen Reilly; Becky Biter,
Appellants

———————————


Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 1-16-cv-00510)
District Judge: Honorable Sylvia H. Rambo
———————————

Argued March 21, 2017

Before: AMBRO, JORDAN, and ROTH, Circuit Judges

Mary E. McAlister, Esquire
Liberty Counsel
P.O. Box 11108
Lynchburg, VA   24506

Mathew D. Staver, Esquire
Horatio G. Mihet, Esquire   (Argued)
Liberty Counsel
P.O. Box 540774
Orlando, FL   32854

     Counsel for Appellants

Joshua M. Autry, Esquire   (Argued)
Frank J. Lavery, Jr., Esquire
Lavery Faherty Petterson
225 Market Street
Suite 304, P.O. Box 1245
Harrisburg, PA   17108

     Counsel for Appellees

(Opinion filed: May 25, 2017)

————————————

OPINION OF THE COURT

————————————

AMBRO, Circuit Judge

The case before us is a familiar one: a constitutional challenge to a city ordinance that Plaintiffs Colleen Reilly and

Becky Biter allege impermissibly restricts their right to protest in the vicinity of abortion clinics.[1] In addition to challenging the ordinance, Plaintiffs sought a preliminary injunction to enjoin its enforcement, which was denied. Because the claims are still before the District Court, we need not review their merit. However, we clarify the analysis needed in considering requests for preliminary injunctions, and thus we remand.

## I. BACKGROUND

The City of Harrisburg, Pennsylvania, issued an ordinance that prohibits persons to "knowingly congregate, patrol, picket or demonstrate in a zone extending 20 feet from any portion of an entrance to, exit from, or driveway of a health care facility." Harrisburg, Pa. Mun. Code § 3-371.4A. The stated purpose of the ordinance is to "promote the health and welfare of [Harrisburg] residents and visitors to [its] health care facilities, as well as the health and welfare of those who may wish to voice their constitutionally protected speech outside of such health care facilities . . . ." *Id.* § 3-371.2C. But for those exempted (*e.g.*, police and employees of the health care facility), the ordinance "appl[ies] to all persons equally regardless of the intent of their conduct or the content of their speech." *Id.* § 3-371.4.

Plaintiffs are individuals purporting to provide "sidewalk counseling" to those entering abortion clinics by way of leafletting, prayer, and conversation in attempts to dissuade patients from getting abortions. Plaintiffs argue that the ordinance creates unconstitutional "buffer zones" that render impossible their ability to engage effectively in

---

[1] Rosalie Gross was also a Plaintiff in the action below, but has voluntarily dismissed her claims without prejudice and does not join this appeal.

counseling. They claim that the ordinance violates their First Amendment rights to speak freely, exercise their religion, and assemble, as well as their Fourteenth Amendment due process and equal protection rights. As noted, they also sought a preliminary injunction to enjoin enforcement of the ordinance.

Plaintiffs made several facial and as-applied challenges to the ordinance, some dismissed by the District Court though most remain. The Court determined that the ordinance was content-neutral because it did not define or regulate speech by subject-matter or purpose, and thus intermediate scrutiny applied. Under this tier of scrutiny, the Court reasoned that it must accept as true (for the purposes of a motion to dismiss) Plaintiffs' claims that the City did not consider less restrictive alternatives to the ordinance, and thus it allowed their claims to proceed to discovery. However, in considering whether to grant preliminary injunctive relief, the Court ruled that Plaintiffs did not bear their burden of demonstrating that they were likely to succeed on the merits, and for that reason alone it denied the temporary relief sought.

## II. JURISDICTION AND STANDARD OF REVIEW

The District Court had federal question subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1343(a). We have jurisdiction over interlocutory orders of a district court granting or denying a preliminary injunction per 28 U.S.C. § 1292(a)(1). "When reviewing a district court's [denial] of a preliminary injunction, we review the court's findings of fact for clear error, its conclusions of law de novo, and the ultimate decision . . . for an abuse of discretion." *Bimbo Bakeries USA, Inc. v. Botticella*, 613 F.3d 102, 109 (3d Cir. 2010).

4

### III. ANALYSIS

Plaintiffs request that we decide the merits of their attack on the constitutionality of the ordinance. As those claims are still before the District Court, it should evaluate them in the first instance.

Thus we turn to the denial of Plaintiffs' preliminary injunction request. Because the Court did not provide a full analysis of whether to grant that request and misallocated the burden of demonstrating narrow tailoring, we remand for its further consideration. To assist in that effort and to clear up confusion caused by opinions in our Court that are in tension, we clarify how the analysis should proceed.

### A. Standard for Preliminary Injunctions

Over four decades ago we held that to obtain a preliminary injunction the moving party must show as a prerequisite

> (1) a reasonable probability of eventual success in the litigation, and (2) that it will be irreparably injured . . . if relief is not granted . . . . [In addition,] the district court, in considering whether to grant a preliminary injunction, should take into account, when they are relevant, (3) the possibility of harm to other interested persons from the grant or denial of the injunction, and (4) the public interest.

*Del. River Port Auth. v. Transamerican Trailer Transport, Inc.*, 501 F.2d 917, 919-20 (3d Cir. 1974) (citations omitted). This standard for preliminary equitable relief remains; we have repeated that a district court—in its sound discretion—

5

should balance those four factors so long as the party seeking the injunction meets the threshold on the first two. *See, e.g.*, *Oburn v. Shapp*, 521 F.2d 142, 147 (3d Cir. 1975) ("[W]hile the burden rests upon the moving party to make [the first] two requisite showings, the district court should take into account, when they are relevant, (3) the possibility of harm to other interested persons from the grant or denial of the injunction, and (4) the public interest.") (quotation omitted); *In re Arthur Treacher's Franchisee Lit.*, 689 F.2d 1137, 1143 (3d Cir. 1982) (same) (quotation omitted)); *Bradley v. Pittsburgh Bd. of Educ.*, 910 F.2d 1172, 1175 (3d Cir. 1990) ("In order to support a preliminary injunction, plaintiff must show both a likelihood of success on the merits and a probability of irreparable harm. Additionally, the district court should consider the effect of the issuance of a preliminary injunction on other interested persons and the public interest." (citations omitted)); *Campbell Soup Co. v. Conagra, Inc.*, 977 F.2d 86, 90-91 (3d Cir. 1992) (same); *BP Chems. Ltd. v. Formosa Chem. & Fibre Corp.*, 229 F.3d 254, 263 (3d Cir. 2000) ("A District Court . . . balances these four factors to determine if an injunction should issue." (citation omitted)).[2]

We are aware there is an inconsistent line of cases within our Court holding that all four factors must be established by the movant and the "failure to establish any element in its favor renders a preliminary injunction inappropriate." *See, e.g.*, *Ferring Pharms., Inc. v. Watson Pharms, Inc.*, 765 F.3d 205, 210 (3d Cir. 2014); *NutraSweet Co. v. Vit-Mar Enters., Inc.*, 176 F.3d 151, 153 (3d Cir. 1999). As best we can tell, this conflicting standard began

---

[2] In the parallel stay-pending-appeal context, where the factors are the same as for the preliminary injunctions, we also follow the analytical path noted above. *In re Revel AC, Inc.*, 802 F.3d 558, 571 (3d Cir. 2015).

with *Opticians Association of America v. Independent Opticians of America*, in which we held that a district court "must consider four factors" and that "[o]nly if the movant produces evidence sufficient to convince the trial judge that all four factors favor preliminary relief should the injunction issue." 920 F.2d 187, 191-92 (3d Cir. 1990) (citations omitted). The panel in that case purported to glean this standard from our holding in *ECRI v. McGraw-Hill, Inc.*, in which we stated that the movant bears the burden of showing the stated factors. 809 F.2d 223, 226 (3d Cir. 1987) (citation omitted). *ECRI* in turn attributed its guiding principle to *SI Handling Systems, Inc. v. Heisley*, where we specified that "[i]n considering a motion for preliminary injunctive relief, a court must carefully weigh [the] four factors . . . ." 753 F.2d 1244, 1254 (3d Cir. 1985). *Heisley* was not out of line with our precedent that the factors are to be balanced so long as the first two factors (likelihood of success on the merits and irreparable harm) are satisfied. Thus the conflicting line of cases and corresponding confusion in our Court appear to be the product of compounded subtle misinterpretations of our longstanding jurisprudence.

In our Court "the holding of a panel in a precedential opinion is binding on subsequent panels. Thus, no subsequent panel overrules the holding in a precedential opinion of a previous panel. Court en banc consideration is required to do so." *Policy of Avoiding Intra-circuit Conflict of Precedent*, Internal Operating Procedures of the Third Circuit Court of Appeals § 9.1; *see, e.g., Kossler v. Crisanti*, 564 F.3d 181, 194 n.8 (3d Cir. 2009) (en banc); *Pardini v. Allegheny Intermediate Unit*, 524 F.3d 419, 426 (3d Cir. 2008); *United States v. Rivera*, 365 F.3d 213 (3d Cir. 2004). Our precedent in *Transamerican Trailer* was never overruled by a decision of this Court *en banc*, leaving no subsequent panel the discretion to rule otherwise absent a contrary ruling by the Supreme Court.

7

We also are aware that, significantly later than this confusion arose, the Supreme Court stated that "[a] plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). At first blush that statement would lend support to the divergent standard articulated in *Opticians Association of America* almost twenty years earlier. But for four reasons we think *Winter* did not overrule our balancing-of-the-factors standard.

First, the Supreme Court in *Winter* explained that "[i]n each case . . . courts must *balance* the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief." *Winter*, 555 U.S. at 24 (emphasis added) (quotation omitted). It concluded that "[a]n injunction is a matter of equitable discretion" that requires "the *balance* of equities." *Id.* at 32 (emphasis added). That is why Justice Ginsburg determined that the "Court has never rejected [the balancing] formulation, and [did] not believe it [did] so" in *Winter.* *Id.* at 51 (Ginsburg, J., dissenting).

That reading of *Winter* comports with the Supreme Court's following opinion on temporary equitable orders, *Nken v. Holder*, 556 U.S. 418 (2009), decided in the same term just five months later (with both opinions written by Chief Justice Roberts). There the Court explained that a district court must undertake "consideration of [the] four factors." *Id.* at 434. "Once an applicant satisfies the first two factors, the traditional [equitable relief] inquiry calls for assessing the harm to the opposing party and weighing the public interest." *Id.* at 435. Though *Nken* dealt with the issuance of a stay pending appeal, the Court explained that

8

the same factors apply as in the preliminary injunction context "not because the two are one and the same, but because similar concerns arise whenever a court order may allow or disallow anticipated action before the legality of that action has been conclusively determined." *Id.* at 434. Read together, these companion cases promote the traditional flexibility to granting interim equitable relief in which the district court has full discretion to balance the four factors once gateway thresholds are met. *See id.*; *Winter*, 555 U.S. at 32.

Second, other circuits have agreed with our reading of *Winter* and *Nken*. For instance, the Seventh Circuit, citing *Winter*, has held that a preliminary injunction may issue if the movant demonstrates it will face irreparable harm and has a "plausible claim on the merits," after which "the 'balance of equities' favors" the movant. *Hoosier Energy Rural Elec. Coop., Inc. v. John Hancock Life Ins. Co.*, 582 F.3d 721, 725 (7th Cir. 2009) (Easterbrook, C.J.). "How strong a claim on the merits is enough depends on the balance of the harms: the more net harm an injunction can prevent, the weaker the plaintiff's claim on the merits can be while still supporting some preliminary relief." *Id.* Similarly, citing *Winter*, the D.C. Circuit has declined "to abandon the so-called 'sliding scale' approach to weighing the four preliminary injunction factors" and held that a "party seeking a preliminary injunction must make a clear showing that [the] four factors, *taken together*, warrant relief . . . ." *League of Women Voters of the United States v. Newby*, 838 F.3d 1, 6-7 (D.C. Cir. 2016) (emphasis added) (quotations omitted). The Second Circuit also has interpreted *Winter* and *Nken* as permitting a district court to continue a "flexible approach" in granting preliminary equitable relief, and that if those cases meant "to abrogate the more flexible standard for a preliminary injunction, one would expect some reference to the considerable history of the flexible standards applied in [the

9

Second Circuit], seven [other] sister circuits, and the Supreme Court itself." *Citigroup Glob. Mkts., Inc. v. VCG Special Opportunities Master Fund, Ltd.*, 598 F.3d 30, 37-38 (2d Cir. 2010). We find that reasoning persuasive.

Third, no test for considering preliminary equitable relief should be so rigid as to diminish, let alone disbar, discretion. District courts have the freedom to fashion preliminary equitable relief so long as they do so by "exercising their sound discretion." *Winter*, 555 U.S. at 24 (quotation omitted). Because those courts are on the frontline and are much more familiar with the unique facts of a particular case, we apply a deferential standard in reviewing their decisions on preliminary equitable relief—abuse of discretion. *See Campbell Soup Co.*, 977 F.2d at 91 (quotation omitted). Indeed, "[t]he essence of equity jurisdiction has been the power of the [court] to do equity and to mould each decree to the necessities of the particular case. Flexibility rather than rigidity has distinguished it." *Weinberger v. Romero-Barcelo*, 456 U.S. 305, 312 (1982) (quotations omitted).

Fourth, disallowing a district court from balancing the four factors is inconsistent with the Supreme Court's post-*Winter* instruction in *Nken* that, when evaluating whether interim equitable relief is appropriate, "[t]he first two factors of the traditional standard are the most critical." 556 U.S. at 434. An *Opticians Association of America* standard—in which all four factors are effectively critical in equal recourse—is logically incompatible with *Nken*'s unambiguous holding. What would be the point of creating two gateway factors by placing elevated value on them if all are equally imperative? There would be none. And to require a moving party to prevail on all factors reads out balancing when not all factors favor that party.

10

Accordingly, we follow our precedent that a movant for preliminary equitable relief must meet the threshold for the first two "most critical" factors: it must demonstrate that it can win on the merits (which requires a showing significantly better than negligible but not necessarily more likely than not[3]) and that it is more likely than not to suffer irreparable harm in the absence of preliminary relief[4]. If these gateway factors are met, a court then considers the remaining two factors and determines in its sound discretion

_____

[3] We do not require at the preliminary stage a more-likely-than-not showing of success on the merits because a "'likelihood' [of success on the merits] does not mean more likely than not." *Singer Mgmt. Consultants, Inc. v. Milgram*, 650 F.3d 223, 229 (3d Cir. 2011) (en banc); *cf. Nken v. Holder*, 556 U.S. 418, 434 ("It is not enough that the chance of success on the merits be better than negligible[,]" and "more than a mere 'possibility' of relief is required." (quotations omitted)). Of historical note, not only did *Transamerican Trailer* require nothing more than "a reasonable probability of eventual success," 501 F.2d at 919-20, cases of our Court before *Transamerican Trailer* did the same. *A.L.K. Corp. v. Columbia Pictures Indus., Inc.*, 440 F.3d 761, 763 (3d Cir. 1971) (Seitz, C.J.); *Ikirt v. Lee Nat'l Corp.*, 358 F.2d 726, 727 (3d Cir. 1966). Also of interest is that neither of the latter two cases spoke of any showing needed for a preliminary injunction beyond a reasonable chance of success on the merits and irreparable harm to the movant.

[4] For example, the availability of money damages for an injury typically will preclude a finding of irreparable harm. *See*, *e.g.*, *Frank's GMC Truck Center, Inc. v. Gen. Motors Corp.*, 847 F.2d 100, 102 n.3 (3d Cir. 1988).

if all four factors, taken together, balance in favor of granting the requested preliminary relief. In assessing these factors, Judge Easterbrook's observation bears repeating: "How strong a claim on the merits is enough depends on the balance of the harms: the more net harm an injunction can prevent, the weaker the plaintiff's claim on the merits can be while still supporting some preliminary relief." *Hoosier Energy*, 582 F.3d at 725.

### B. The District Court Erred in Its Preliminary Injunction Analysis

In considering whether to grant preliminary injunctive relief, the District Court observed that Defendants failed to produce evidence that "made a clear showing" the ordinance was narrowly tailored. J.A. at 35. Yet it determined that Plaintiffs bore the burden of demonstrating their likelihood of success on the merits, and they failed to do so on the scant record before it. Plaintiffs contend that the District Court erred in placing this burden on them. We agree.

In deciding whether to issue a preliminary injunction, plaintiffs normally bear the burden of demonstrating a sufficient likelihood of prevailing on the merits. However, in First Amendment cases where "the Government bears the burden of proof on the ultimate question of [a statute's] constitutionality, [plaintiffs] must be deemed likely to prevail [for the purpose of considering a preliminary injunction] unless the Government has shown that [plaintiffs'] proposed less restrictive alternatives are less effective than [the statute]." *Ashcroft v. ACLU*, 542 U.S. 656, 666 (2004). This is because "the burdens at the preliminary injunction stage track the burdens at trial," and for First Amendment purposes they rest with the Government. *Gonzales v. O Centro Espirita Beneficente Uniao do Vegetal, et al.*, 546 U.S. 418,

12

429 (2006).  That was not done here, as the District Court applied the usual standard of placing the burden on Plaintiffs.

Defendants argue that neither party had alerted the Court of this narrow exception to the burden-shifting framework applied to requests for preliminary injunctions in First Amendment cases.  They insist that, had Plaintiffs raised this issue, Defendants "would have requested a full hearing" to present more fully their case as to the likelihood of success on the merits.  Appellees' Br. 26.  Because, as determined at oral argument, neither party was aware of the applicable burden-shifting standard in this case, on remand Defendants are afforded the opportunity to bear their burden of showing that the ordinance is narrowly tailored.  The District Court can then consider anew the request for preliminary injunctive relief in the clarified context noted above.  We thus vacate and remand.