**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-3601
_____

WILNICK DORVAL,
Appellant

v.

SAPPHIRE VILLAGE CONDOMINIUM ASSOCIATION; JAQUELINE LINDBERG;
BERNARD VANSLUYTMAN; JOANNE LEVESQUE; CLARENCE LEVESQUE;
LOURDES CORDERO; THOMAS CORDERO; SIDNEY JARVIS; NICHOLAS
OMERMYER; RICHARD W. O'DELL; MICHELE LANGE; TODD FARRAND;
NORA IBRAHIM; JONATHON MORGAN; SARAH WHYTE; ELLEN HANSEN;
MICHAEL BAIRD; MATTHEW SWOPE; MARK MAROLE; MADLON JENKINS
RUDZIAK; JAMES KOULOURIS; MADLON JENKINS-RUDZIAK

_____

On Appeal from the District Court
of the Virgin Islands
(3-16-cv-00050)
District Judge: The Honorable Curtis V. Gómez
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
May 4, 2017

Before: GREENAWAY, JR., SHWARTZ, and FUENTES, <u>Circuit Judges</u>

(Opinion Filed: August 8, 2017)
_____

OPINION*
_____

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

FUENTES, Circuit Judge

The appellant, Wilnick Dorval, brought the pending lawsuit against the 000Condominium Association of the rental in which he resides and twenty-one of his neighbors, alleging that they are harassing and discriminating against him on the basis of his race in violation of federal and local law, and that they are subjecting him to continuous noise disturbance in violation of local nuisance law. Shortly after he filed the amended complaints with the District Court, Dorval also moved for a temporary restraining order, preliminary injunction, and permanent injunction against six individual defendants who live or own apartments near his. The District Court denied Dorval's motion via an order, from which he now appeals. Because we find that Dorval cannot demonstrate a reasonable probability of success, we will affirm.

**I.**

Dorval moved into his rental unit at Sapphire Village Condominiums on October 2, 2015. He alleges that his neighbors began conspiring to harass and discriminate against him on the basis of his race a mere three days after his move-in. He alleges that his neighbors discriminated against him by "engaging in intense and severe noise nuisance," and that the Condominium Association aided and abetted in their behavior by "failing to and selectively enforcing its By-laws, and Rules and Regulations, and allowing the owners, tenants and others to create a hostile environment for [him] in an effort to intimidate and drive [him] out of [his] home because [he is] black."[1] After

---

[1] App. Vol. 2 at 2. The appellant has filed ten appendix volumes in total. Because the pagination starts anew with each volume, the citation to the record will include both a

suffering continued harassment, mainly in the form of excessive noise, sending more than 800 emails to the Condominium's management, and filing 14 police reports, Dorval initiated this lawsuit against twenty-one of his neighbors and the Condominium Association in June 2016, less than a year after he moved in.[2]

Shortly after he filed his complaint with the court, Dorval also moved for a temporary restraining order, preliminary injunction, and permanent injunction against six of the individual defendants.[3] Two of these defendants, occupying the apartments next to and above Dorval, "have been making and continue to purposely make loud banging and screaking sounds day and night to force [him] out of [his] home because [he is] black."[4] The remaining four defendants, who do not reside in Sapphire Village but own apartments next to, above, and below Dorval, have allegedly failed to stop their tenants from making "constant and persistent excessive noise disturbances."[5] He thus sought to enjoin them from "interfer[ing] with [his] fair housing rights, and emanating any unreasonable noise or sound of any kind . . . ."[6]

---

volume and a page number. Dorval's motions to supplement the record with materials not presented to the District Court are denied.

[2] Dorval amended his complaint three times. His Third Amended Complaint claimed 41 counts against the defendants.

[3] Dorval filed an initial motion on August 25, 2016, against only two individual defendants. He amended this motion on September 1, 2016, and added four additional defendants against whom he sought an injunction.

[4] App. Vol. 1 at 16.

[5] *Id.*

[6] *Id.* at 18.

Slightly more than a week after the amended motion for injunctive relief was filed, the District Court denied the motion without an evidentiary hearing. Dorval timely appealed.[7]

## II.[8]

To obtain the extraordinary remedy of a preliminary injunction,[9] a plaintiff must demonstrate the following factors: (1) that he has "a reasonable probability of eventual success" on the merits; (2) that he "will be irreparably injured" absent injunctive relief; (3) that the balance of harms favors him; and (4) that the requested relief is in the public

---

[7] With the exception of one defendant—who has retained an attorney that could not be reached by the Clerk's Office—the remaining defendants are proceeding *pro se*. None of the individual defendants filed a response brief. Consequently, we will decide the case on the brief of the plaintiff-appellant only. Fed. R. App. P. 31(c).

[8] The District Court had jurisdiction over this case under 28 U.S.C. § 1331. We have jurisdiction to hear this appeal under 28 U.S.C. § 1292(a)(1). The District Court in this case denied Dorval's motion for a temporary restraining order, preliminary injunction, and permanent injunction with an order that referred only to the request for a temporary restraining order. *See* App. Vol. 1 at 5-6. Ordinarily, we do not have jurisdiction to review the denial or grant of a temporary restraining order. *Vuitton v. White*, 945 F.2d 569, 573 (3d Cir. 1991). However, we may "[l]ook beyond terminology to the actual content, purport, and effect of that which may otherwise be described as a temporary restraining order or as a preliminary injunction." *In re Arthur Treacher's Franchisee Litig.*, 689 F.2d 1150, 1155 n.7 (3d Cir. 1982) (quoting *Smith v. Grady*, 411 F.2d 181, 186 (5th Cir. 1969)). Here, the single order from the District Court appears to have terminated Dorval's entire motion, which also requested a preliminary injunction, and there does not appear to be any further action taken on the preliminary injunction question separately. Consequently, we determine that the District Court's order denying the temporary restraining order was intended to also deny Dorval's motion for a preliminary injunction, a ruling we review for an abuse of discretion. *Bimbo Bakeries USA, Inc. v. Botticella*, 613 F.3d 102, 109 (3d Cir. 2010).

[9] To the extent that Dorval also appeals the denial of a permanent injunction, that relief is not available to him at this pre-judgment juncture. *See Shields v. Zuccarini*, 254 F.3d 476, 482 (3d Cir. 2001) (the moving party must show "actual success on the merits" in order to obtain a permanent injunction).

interest.[10]  The first two factors are the "most critical," and the failure to demonstrate either is fatal to the plaintiff's request.[11]

Here, Dorval is not entitled to a preliminary injunction because he has failed to demonstrate a reasonable probability of success on the merits.  Dorval brought his claims under federal law prohibiting racial discrimination in housing[12] and in the making and enforcement of contracts;[13] and under local law prohibiting racial discrimination[14] and private nuisance.[15]  Dorval has not demonstrated, based upon the record before us, that he has a reasonable probability of meeting his burden of proof that the defendants' behaviors were racially motivated, or that the allegedly excessive noise unreasonably and substantially interfered with the use and enjoyment of his apartment.  The example that Dorval cites for his contention that he suffers "constant and persistent excessive noise disturbances" illustrates this deficiency.[16]  He describes being woken up by his downstairs neighbors at 7 a.m. with "loud banging noise disturbances," which continued "well past 9 a.m.," and being disturbed again at 6 p.m. when the "occupants of that apartment returned and deliberately slammed the front and screen doors repeatedly and made loud banging noise disturbances well past 7 p.m."[17]  Despite Dorval's protestation

---

[10] *Reilly v. City of Harrisburg*, 858 F.3d 173, 176 (3d Cir. 2017).
[11] *Id.* at 179.
[12] 42 U.S.C. § 3601 *et seq*.
[13] *Id.* § 1981.
[14] 10 V.I.C. § 64.
[15] 28 V.I.C. § 331.
[16] App. Vol. I at 18.
[17] *Id.* at 16.

that he was "unable to sleep, rest, read, write or enjoy [his] apartment" as a result of these noises, the described behavior appears to be neither harassing nor unreasonable.[18]

Consequently, we hold that that the District Court did not abuse its discretion in denying to issue the extraordinary remedy of a preliminary injunction at this stage.

### III.

For the foregoing reasons, we will affirm the District Court's denial of Dorval's motion for a preliminary injunction.

---

[18] *Id.*