**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-3602
_____

WILNICK DORVAL,
Appellant

v.

MOE'S FRESH MARKET; WALLIE HAMED

_____

On Appeal from the District Court
of the Virgin Islands
(3:16-cv-00061)
District Judge:  The Honorable Curtis V. Gómez
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
May 5, 2017

Before:  GREENAWAY, JR., SHWARTZ, and FUENTES, Circuit Judges

(Opinion Filed: August 9, 2017)
_____

OPINION*
_____

FUENTES, Circuit Judge

　　The appellant, Wilnick Dorval, brought the pending lawsuit against his local

grocery store and its owner for "prevent[ing] [him] and interfer[ing] with [his] attempt to

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

purchase groceries [o]n several occasions because [he] is black," in violation of federal and local law.[1]  Shortly after he filed the amended complaint with the District Court, Dorval moved for a temporary restraining order, preliminary injunction, and permanent injunction against the defendants.  The District Court denied Dorval's motion via an order, from which he now appeals.  Because we find that Dorval cannot demonstrate a reasonable probability of success on the merits, we will affirm.

## I.

From October 2015 through April 2016, Dorval was a frequent customer of Moe's Fresh Market, the only grocery store that was within walking distance of his apartment. He claims, however, that his shopping experience there was marred by the racially discriminatory and harassing behavior of the other patrons and of the staff at the store. For example, he alleges that his neighbors from his apartment complex "follow[] [him] throughout the entire store and deliberately and purposely push or touch[] [him] to irritate and annoy [him]."[2]  They would "deliberately and purposely bump[] [him] with a shopping cart;" "block[] [his] pathway;" "refuse[] to move out of the way;" "flick[] and move[] their heads wildly, each time [he] looked-up [sic];" and "lunge[] at the corner of [his] eyes when [he] looked up."[3]  He alleges that despite being witness to this "criminally aggressive and predatory" behavior,[4] the staff at Moe's never took any action

---

[1] App. 55.  The appellant has filed five volumes of appendix in total.  We cite to only the first volume.  Dorval's motions to supplement the record with materials not presented to the District Court are denied.
[2] App. 58.
[3] *Id.*
[4] App. 57.

against these individuals who "harass[ed] [him] and interfered with [his] ability to purchase necessary food items."[5]

In fact, Dorval alleges that the employees of the store "engaged in the same harassing behavior" as his neighbors.[6] For example, he alleges that the "employees congregated on the aisles and deliberately and purposely blocked the aisles with boxes and prevent[ed] [him] from going through the aisles;" they "hid behind the aisles and deliberately lunged at the corner of [his] eyes, when [he] looked up;" and that they "purposely and deliberately exaggerated their body movements and flicked their heads wildly, when [he was] looking."[7] Dorval claims that he did not observe similar behavior aimed at white patrons. Dorval attempted to take videos of the aforementioned behavior, but he was prevented from doing so by the defendant owner of the store, and was eventually banned from the store altogether for that reason. In contrast, he alleges that the owner never stopped the "white patrons . . . [from] recording [him] in the store."[8]

Three months after his expulsion, Dorval filed this lawsuit against Moe's Fresh Market and its owner. Less than two months after that, he moved for a temporary restraining order, preliminary injunction, and permanent injunction against the defendants to permit him access to the store and to enjoin them from continuing to harass and intimidate him in the store. Three days later, the District Court denied the motion without an evidentiary hearing. Dorval timely appealed.

---

[5] App. 59.
[6] *Id.*
[7] App. 60.
[8] App. 61.

## II.[9]

To obtain the extraordinary remedy of a preliminary injunction,[10] a plaintiff must demonstrate the following factors: (1) that he has "a reasonable probability of eventual success" on the merits; (2) that he "will be irreparably injured" absent injunctive relief; (3) that the balance of harms favors him; and (4) that the requested relief is in the public interest.[11]  The first two factors are the "most critical," and the failure to demonstrate either is fatal to the plaintiff's request.[12]

Here, Dorval is not entitled to a preliminary injunction because he has failed to demonstrate a reasonable probability of success on the merits.  Dorval brought his claims

---

[9] The District Court had jurisdiction over this case under 28 U.S.C. § 1331.  We have jurisdiction to hear this appeal under 28 U.S.C. § 1292(a)(1).  The District Court in this case denied the Dorval's motion for temporary restraining order, preliminary injunction, and permanent injunction with an order that referred only to the request for a temporary restraining order.  *See* App. 3-4.  Ordinarily, we do not have jurisdiction to review the denial or grant of a temporary restraining order.  *Vuitton v. White*, 945 F.2d 569, 573 (3d Cir. 1991).  However, we may "[l]ook beyond terminology to the actual content, purport, and effect of that which may otherwise be described as a temporary restraining order or as a preliminary injunction."  *In re Arthur Treacher's Franchisee Litig*., 689 F.2d 1150, 1155 n.7 (3d Cir. 1982) (quoting *Smith v. Grady*, 411 F.2d 181, 186 (5th Cir. 1969)).  Here, the single order from the District Court appears to have terminated Dorval's entire motion, which also requested a preliminary injunction, and there does not appear to be any further action taken on the preliminary injunction question separately.  Consequently, we determine that the District Court's order denying the temporary restraining order was intended to also deny Dorval's motion for a preliminary injunction, a ruling we review for an abuse of discretion.  *Bimbo Bakeries USA, Inc. v. Botticella*, 613 F.3d 102, 109 (3d Cir. 2010).

[10] To the extent that Dorval also appeals the denial of a permanent injunction, that relief is not available to him at this pre-discovery juncture.  *See Shields v. Zuccarini*, 254 F.3d 476, 482 (3d Cir. 2001) (the moving party must show "actual success on the merits" in order to obtain a permanent injunction).

[11] *Reilly v. City of Harrisburg*, 858 F.3d 173, 176 (3d Cir. 2017).

[12] *Id.* at 179.

under federal law prohibiting racial discrimination in places of public accommodation[13] and in the making and enforcement of contracts;[14] and under local law prohibiting racial discrimination[15] and for intentional infliction of emotional distress based on racial discrimination. Dorval has not demonstrated, based upon the record before us, that he has a reasonable probability of meeting his burden of proof that the defendants treated him differently on the basis of his race. Consequently, we hold that the District Court did not abuse its discretion in denying Dorval's motion for a preliminary injunction at this stage.

## III.

For the foregoing reasons, we will affirm the District Court's denial of Dorval's motion for a preliminary injunction.

---

[13] 42 U.S.C. § 2000a *et seq.*
[14] *Id.* § 1981.
[15] 10 V.I.C. § 64.