**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-2388
_____

UNITED STATES OF AMERICA

v.

YUNIOR R. FERNANDEZ,
Appellant
_____

Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 1:18-cr-00007-003)
District Judge: Hon. Yvette Kane
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
January 22, 2020

Before: AMBRO, MATEY, and FUENTES, *Circuit Judges*.

(Opinion filed: January 28, 2020)


_____

OPINION[*]
_____


FUENTES, *Circuit Judge*.

---

[*] This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

Yunior R. Fernandez appeals his judgment of conviction, asserting that the District Court erred in permitting a law enforcement officer to testify as drug trafficking expert. We will affirm.

## I.[1]

Following an investigation and traffic stop, Fernandez was charged in an Indictment with two counts: (1) conspiracy to distribute and possess with intent to distribute, and (2) attempt to possess with intent to distribute, heroin and methamphetamine.[2]

Prior to trial, Fernandez, asserting that the government narcotics expert testimony would fail to assist the jury and would not apply case-specific facts, moved in limine under Federal Rule of Evidence 702 to preclude it. At trial, Fernandez renewed his objection, which the District Court overruled. Shawn Wolfe, a Pennsylvania State Police Trooper, testified generally about drug trafficking methods, including typical quantities used and sold, prices, communication methods, transportation, and courier use. The jury convicted Fernandez of both counts, and this timely appeal followed.

---

[1] As we write solely for the parties, we recite only the facts essential to our decision.
[2] 21 U.S.C. § 846; 18 U.S.C. §§ 841(a)(1), (b)(1)(A)(i), (b)(1)(A)(i)(viii).

II.[3]

"Under the Federal Rules of Evidence, a trial judge acts as a gatekeeper to ensure that any and all expert testimony or evidence is not only relevant, but also reliable."[4] Rule 702 requires that (1) an expert witness be qualified, (2) the testimony be reliable and (3) the testimony assist the fact-finder.[5] This case involves only the third requirement,[6] "fit," in which we assess "whether [the] expert testimony proffered . . . is sufficiently tied to the facts of the case that it will aid the jury in resolving a factual dispute."[7] "[T]his is a question of relevance," and "expert evidence which does not relate to an issue in the case is not helpful."[8] Following "a liberal policy of admissibility," Rule 702's "standard is not that high, but is higher than bare relevance."[9]

---

[3] The District Court had jurisdiction pursuant to 18 U.S.C. § 3231, and we have jurisdiction pursuant to 28 U.S.C. § 1291. We review the District Court's decision to admit expert testimony for abuse of discretion. *United States v. Schiff*, 602 F.3d 152, 161 (3d Cir. 2010). "An abuse of discretion arises when the District Court's decision rests upon a clearly erroneous finding of fact, an errant conclusion of law or an improper application of law to fact, but to the extent that the District Court's decision involved a legal interpretation of the Federal Rules of Evidence, our review is plenary." *Id.* (internal quotation marks omitted) (quoting *Pineda v. Ford Motor Co.,* 520 F.3d 237, 243 (3d Cir. 2008)).

[4] *Schiff*, 602 F.3d at 172 (quoting *Pineda,* 520 F.3d at 243).

[5] *Id.*

[6] Fernandez does not dispute that Wolfe's experience qualified him as an expert and that his testimony was reliably based on his experience.

[7] *Schiff*, 602 F.3d at 173 (alterations in original) (internal quotation marks omitted) (quoting *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 591 (1993)).

[8] *Id.* (quoting *In re TMI Litig.,* 193 F.3d 613, 670 (3d Cir. 1999)).

[9] *Id.* (internal quotation marks omitted) (first quoting *Kannankeril v. Terminix Int'l, Inc.,* 128 F.3d 802, 806 (3d Cir. 1997); then quoting *In re Paoli R.R. Yard PCB Litig.,* 35 F.3d 717, 745 (3d Cir. 1994)).

Experienced narcotics agents' expert testimony "is often helpful in assisting the trier of fact understand the evidence."[10] "It is well established that experts may describe, in general and factual terms, the common practices of drug dealers."[11] Similarly, "[i]t is well[ ]established that government agents may testify to the meaning of coded drug language."[12] "[E]xperienced narcotics agent[s] may testify about the significance of certain conduct or methods of operation to the drug distribution business."[13]

The District Court did not abuse its discretion by allowing Wolfe to testify generally about drug trafficking without explicit reference to Fernandez's specific case facts.[14] Contrary to Fernandez's arguments, Wolfe's testimony did not describe the

---

[10] *United States v. Watson*, 260 F.3d 301, 307 (3d Cir. 2001) (quoting *United States v. Griffith,*118 F.3d 318, 321 (5th Cir. 1997)). Fernandez's attempts to contest this and other precedents is unpersuasive. While the review in *Watson* was for plain error, in recognizing that it was "well established" that experienced narcotics agents may testify as experts, *Watson* does not identify any error at all. *Id.* at 306–07. To the extent that Fernandez acknowledges these cases as contrary authority and urges their reversal, "the holding of a panel in a precedential opinion is binding on subsequent panels." *Reilly v. City of Harrisburg*, 858 F.3d 173, 177 (3d Cir. 2017) (quoting I.O.P. 9.1).

[11] *Watson*, 260 F.3d at 309.

[12] *Id.* at 307.

[13] *Id.* (second alteration in original) (quoting *Griffith,*118 F.3d at 321).

[14] Although Fernandez asserts error because Wolfe lacked specific and personal case knowledge, a qualified expert need not have personal knowledge of a matter, Fed. R. Evid. 602, and he "may base an opinion on facts or data in the case that the expert has been made aware of," Fed. R. Evid. 703. Nor did the District Court abuse its discretion in permitting Wolfe's general testimony because he did not review case reports or specifically address the mental states of defendants. Wolfe framed his testimony in hypotheticals, which track and apply the allegations of the case without rendering a conclusion about any defendant's mental state, an "ultimate issue" left "for the trier of fact alone." Fed. R. Evid. 704; *see Watson*, 260 F.3d at 309.

potentially irrelevant "'background' or 'culture' of illegal activity,"[15] but instead explained narcotics trafficking tactics relevant to the elements of the charged offenses and with the potential to assist the jury in determining guilt.[16]

## III.

For these reasons, we will affirm the judgment of the District Court.

---

[15] Appellant Br. at 11; *cf. United States v. Bostick*, 791 F.3d 127, 150–51 (D.C. Cir. 2015) (exclusion of expert testimony on gang culture and violence not abuse of discretion where gang formation and membership were not relevant to charges).

[16] *See Schiff*, 602 F.3d at 173.