**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 19-3592

_____

JEAN CARLOS BAUTISTA-MESCUA,
a/ka/ Jean Carlos Bautista,
                                          Petitioner

v.

ATTORNEY GENERAL OF THE
UNITED STATES OF AMERICA

_____

On Petition for Review of a
Decision of the Board of Immigration Appeals
(Agency No. A205-015-679)
Immigration Judge: Annie S. Garcy

_____

Submitted under Third Circuit L.A.R. 34.1(a) on June 29, 2020

Before: KRAUSE, PHIPPS, *Circuit Judges*, and GREENBERG, *Senior Judge*


(Filed: June 30, 2020)

_____

OPINION[*]

_____


KRAUSE, *Circuit Judge*.



---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Petitioner Bautista-Mescua presents a single issue for review: Whether the immigration courts are deprived of jurisdiction over the case of a petitioner who receives a notice to appear that is defective under *Pereira v. Sessions*, 138 S. Ct. 2105 (2018). As Bautista-Mescua acknowledges, we have already held that they are not. *Nkomo v. Att'y Gen.*, 930 F.3d 129, 132-34 (3d Cir. 2019). Bautista-Mescua's sole challenge to his order of removal therefore fails because "the holding of a panel in a precedential opinion is binding on subsequent panels." *See Reilly v. City of Harrisburg*, 858 F.3d 173, 177 (3d Cir. 2017) (quoting *Policy of Avoiding Intra-circuit Conflict of Precedent*, Internal Operating Procedures of the Third Circuit Court of Appeals § 9.1). For that reason, we will affirm the judgment of the Board of Immigration Appeals.