**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 21-2187
_____

ADP, INC.,

Appellant

v.

MATTHEW LEVIN

_____

On Appeal from the United States District Court
for the District of New Jersey
(District Court No. 2-21-cv-10574)
District Judge: Honorable Susan D. Wigenton

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
on March 15, 2022

Before: JORDAN, KRAUSE, and PORTER, *Circuit Judges*

(Filed: April 21. 2022 )

_____

**OPINION**[*]

_____

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does
not constitute binding precedent.

KRAUSE, *Circuit Judge*.

Appellant ADP, Inc. ("ADP") challenges the District Court's denial of its motion for a preliminary injunction against its former employee, Matthew Levin, for alleged breach of his non-compete agreements. While we agree with ADP that the District Court erred in certain respects, those errors were ultimately harmless because ADP failed to make the requisite showing for injunctive relief. Accordingly, we will affirm.

## I.  BACKGROUND

ADP provides business clients outsourced administrative services, such as payroll (its primary business), HR, tax, and benefit and retirement plan administration services. ADP contends that non-party Benefitfocus competes with it in providing benefits administration services. Until recently, Appellee Matthew Levin worked for ADP as its Chief Strategy Officer. In that role, he reported directly to ADP's CEO, sat on the company's executive committee, and was responsible for developing enterprise-wide corporate strategy. But in April 2021, he resigned and subsequently accepted a position as president and CEO of Benefitfocus.

ADP considers this move to be in violation of various Restrictive Covenant Agreements (RCAs) signed by Levin that prohibited him from providing "the same or substantially similar services" as "those which [he] provided to ADP while employed' to a "Competing Business" for a period of twelve months after his departure from ADP. JA 66. Thus, shortly after Levin's resignation and in advance of his May 10, 2021 start date at Benefitfocus, ADP initiated a claim for breach of contract, seeking a TRO and a preliminary injunction.

The District Court did not issue a TRO—which permitted Levin to begin working at Benefitfocus as planned—and instead sought briefing on ADP's motion for a

2

preliminary injunction. At the conclusion of the hearing on May 25, 2021, the District Court ruled from the bench and denied the motion. It did not follow up with any written opinion.

ADP now appeals, claiming that the District Court abused its discretion in denying relief and that its errors warrant reversal and remand.

## II.    DISCUSSION[1]

A preliminary injunction is an "extraordinary remedy" that is never to be awarded as of right. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008). The district court must consider four factors: If the movant "meets the threshold on the first two"—"a reasonable probability of eventual success in the litigation" and whether the movant "will be irreparably injured . . . if relief is not granted"—the court goes on to consider "the possibility of harm to other interested persons from the grant or denial of the injunction" and "the public interest," balancing all four factors to determine if an injunction should issue. *Reilly v. City of Harrisburg*, 858 F.3d 173, 176-77, 179 (3d Cir. 2017) (quoting *Del. River Port Auth. v. Transamerican Trailer Transport, Inc.*, 501 F.2d 917, 919-20 (3d Cir. 1974)). We then review its determination for abuse of discretion, its factfinding for clear error, and its legal conclusions de novo. *See K.A. ex rel. Ayers v. Pocono Mountain Sch. Dist.*, 710 F.3d 99, 105 (3d Cir. 2013).

But meaningful appellate review depends on the record, which is why Rule 52(a) of the Federal Rules of Civil Procedure requires a district court ruling on a motion for a preliminary injunction to "state the [factual] findings and [legal] conclusions that support its action," Fed. R. Civ. P. 52(a)(2), in order to "'explain the basis for' and 'permit

---

[1] The District Court had jurisdiction under 28 U.S.C. § 1332(a)(1), and we have jurisdiction under 28 U.S.C. § 1292(a)(1).

meaningful review of its ruling.'" *Kos Pharm., Inc. v. Andrx Corp.*, 369 F.3d 700, 712 n.10 (3d Cir. 2004) (quoting *Elliott v. Kiesewetter*, 98 F.3d 47, 55 (3d Cir. 1996)).  As the Supreme Court has observed, "fair compliance with Rule 52(a)" is "of the highest importance to a proper review of the action of a court in granting or refusing a preliminary injunction" because the reasons for the district court's ruling "are obviously necessary to the intelligent and orderly presentation and proper disposition of an appeal." *Mayo v. Lakeland Highlands Canning Co.*, 309 U.S. 310, 316-17 (1940).

Here, we have some concern about the adequacy of the record provided by the District Court.  After ruling from the bench, the District Court did not to issue a written opinion explaining its denial of the motion for a preliminary injunction.  And although oral findings and conclusions can satisfy Rule 52(a), *see Pro. Plan Examiners of N.J., Inc. v. Lefante*, 750 F.2d 282, 288 (3d Cir. 1984), the District Court's oral statements here did not.  Instead, after initially articulating the four-factor balancing test and acknowledging that it would have to address each factor separately and "in a detailed fashion," JA 417, the court ended up omitting some factors and conflating others.

By way of illustration, on the threshold factor of likelihood of success, the Court left largely unaddressed the legal issues bearing on the breach of contract claim, such as the terms and enforceability of the RCAs, and focused instead on the same issues it did when addressing irreparable harm, *i.e.*, whether Levin had stolen information or clients from ADP and whether ADP had lost business as a result of Levin's move.  Nor did the Court ultimately rule on likelihood of success, stating merely that it had "some concerns" and would proceed on the "assum[ption] . . . that ADP does, in fact, enjoy a likelihood of success on the merits of the claim."  JA 419-20.

4

The Court's irreparable harm analysis is problematic for a different reason: it applied the wrong legal standard. As we have explained, the purpose of a preliminary injunction is to "protect[] the plaintiff from harm" going forward: "When it comes to the second factor, . . . '[t]he law . . . is clear in this Circuit: In order to demonstrate irreparable harm the plaintiff must demonstrate *potential* harm which cannot be redressed by a legal or an equitable remedy following a trial.'" *Siemens USA Holdings Ing v. Geisenberger*, 17 F.4th 393, 407-08 (3d Cir. 2021) (quoting *Campbell Soup v. ConAgra, Inc.*, 977 F.2d 86, 91 (3d Cir. 1992)) (emphasis added). Of course, the threatened harm "must not be speculative," *Adams v. Freedom Forge Corp.*, 204 F.3d 475, 487-88 & n.13 (3d Cir. 2000), and "[c]ourts have long required that a party seeking preliminary relief produce affirmative evidence indicating that her or she will be irreparably harmed should that relief be denied," *Marxe v. Jackson*, 833 F.2d 1121, 1127 (3d Cir. 1987) (citations omitted). Thus, even though the preliminary injunction inquiry is forward looking, the court can and must determine whether the moving party has established "that it specifically and personally risks irreparable harm" to succeed on this factor. *See Adams*, 204 F.3d at 487 (3d Cir. 2000).

In this case, instead of assessing whether ADP had established a likelihood of future harm, the District Court required ADP to demonstrate that it had already suffered past harm, explaining, "not only has it been outlined in the written submissions but even in the arguments here today, much talk about what Mr. Levin can do. He might do this. He has the potential[] ability to do that. There has been nothing that has been presented to the Court that he has done it." JA 420-21. Thus, though seemingly acknowledging a potential for future harm, because Levin's departure "may" "have some consequences" related to his "potential[] ability to [steal clients and business]," the District Court found

5

irreparable harm lacking because "[t]here has been nothing . . . presented to the Court that he has [already] done [that]." *Id.* This was error.[2]

Typically, problems like those here—a failure to make findings on the record in compliance with Rule 52 and an application of the wrong legal standard—warrant reversal and remand. *See, e.g.*, *Bradley v. Pittsburgh Bd. of Educ.*, 910 F.2d 1172, 1179 (3d Cir. 1990) ("Because of the court's failure to comply with Rule 52, we are unable to determine why the district court rejected a preliminary injunction . . . . It follows that we must return this matter to the district court which should have the opportunity to make the requisite findings and conclusions."); *Nat. Res. Def. Council v. Texaco Ref. and Mktg., Inc.*, 906 F.2d 934, 941 (3d Cir. 1990) (vacating the entry of a permanent injunction premised on the wrong irreparable harm standard and remanding "to the district court to apply the proper standard").

Here, however, we conclude those steps are not necessary. As concerns Rule 52, "[w]hen reviewing an order that does not adequately support the resolution of a motion for preliminary injunction, we may vacate and remand for additional findings or may 'first look[] to see whether the record provides a sufficient basis to ascertain the legal and factual grounds for the grant or denial of the injunction.'" *Kos Pharm.*, 369 F.3d at 712 (quoting *Bradley*, 910 F.2d at 1178). And "[a]lthough a district court's application of an incorrect legal standard 'would normally result in a remand, we need not remand' if application of the correct standard could support only one conclusion." *Id.* (quoting *Duraco Prods., Inc. v. Joy Plastic Enters., Ltd.*, 40 F.3d 1431, 1451 (3d Cir. 1994) and

---

[2] Of course, evidence of past harm may help establish a non-speculative risk of future harm, but it is by no means required. *See, e.g.*, *Adams v. Freedom Forge Corp.*, 204 F.3d 475, 488 & n.13 (3d Cir. 2000) (noting the requirement that a risk of future harm be non-speculative and collecting cases).

citing *Opticians Ass'n of Am. v. Indep. Opticians of Am.*, 920 F.2d 187, 198 (3d Cir. 1990); *Interpace Corp. v. Lapp, Inc.*, 721 F.2d 460, 460 (3d Cir. 1983)).

Such is the case here. Irreparable harm is a "gateway factor[]" that a plaintiff must establish before a court may proceed with balancing the remaining factors. *See Reilly*, 858 F.3d at 179. ADP, however, offered only conclusory allegations that it may lose clients, goodwill, or referral business as a result of Levin's move to Benefitfocus. *See, e.g.*, JA 387 ("[I]f [Levin] knows this much about ADP's benefits space . . ., then imagine all the other information he must have about ADP and how he can use that information . . . ."); JA 393 ("Mr. Levin is uniquely positioned to be able to help Benefitfocus . . . to sell all sorts of products and potentially harm ADP; not just in the benefits case but more globally across ADP's portfolio."); JA 394 ("[W]e may not know the full extent of the harm that Mr. Levin could cause in his position at Benefitfocus until many years down the road."); JA 394 ("[W]e don't really know what [Levin] has been doing in his, I guess just over two weeks on the job, at Benefitfocus."). It therefore failed to demonstrate that the risk of future harm was anything other than speculative, *see Adams*, 204 F.3d at 488 & n.13 (3d Cir. 2000), and without that showing, ADP was not entitled to a preliminary injunction.

III.   CONCLUSION

For the foregoing reasons, we will affirm the order of the District Court.