**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-1605
_____

MATTHEWS INTERNATIONAL CORPORATION,
Appellant

v.

ANTHONY A. LOMBARDI; RONALD STOVEKEN;
MICHAEL ANDREWS; IMPLANT RECYCLING, LLC;
IR ENVIRONMENTAL SOLUTIONS, LLC; GAETANO ESPOSITO;
CHRISTOPHER BROWN; JAMES NORTON;
JARROD GOGEL; BRADLEY WASSERMAN
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 2-20-cv-00089)
District Judge: Honorable J. Nicholas Ranjan
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
September 19, 2022
_____

Before: CHAGARES, Chief Judge, McKEE and PORTER, Circuit Judges

(Opinion filed: October 12, 2022)
_____

OPINION*
_____

---

\* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

**CHAGARES**, Chief Judge.

Plaintiff Matthews International Corporation ("Matthews") asserts claims of trade secret misappropriation and breach of contract against several of its former employees and two of the entities where they are now employed. Matthews appeals the District Court's order granting preliminary injunctive relief, claiming that the court erred by not enjoining all of the defendants from competing to provide certain services to Matthews's current customers and by not enforcing the restrictive covenants of some of its former employees. Matthews also appeals the District Court's order granting in part and denying in part the defendants' motion for clarification. For the reasons explained below, we will affirm the orders of the District Court.

I.

We write primarily for the parties and recite only the facts essential to our decision. Matthews manufactures, designs, and installs cremation equipment through its cremation division. Matthews also services and repairs its customers' cremation equipment.

Implant Recycling LCC ("Implant") focuses its business on recycling the metallic by-products of the cremation process. Implant offers its customers the Implant Recycling Maximizer program, which sells and services "processors" found in cremation equipment.[1] Defendant Bradley Wasserman is the founder and owner of Implant. In

---

[1] "A processor is used to filter out the remains of the cremation process, including metallic by-products." Appellees Br. 3 n.1.

2018, Wasserman formed defendant IR Environmental Solutions, LLC ("IR") to provide maintenance and service on its customers' cremation equipment.

The remaining individual defendants are former employees of Matthews who left the company to work for Implant or IR.[2]  One of these individuals, Gaetano Esposito, was a former Matthews sales representative who worked at the company for eleven years and agreed to abide by Matthews's confidentiality, non-solicitation, and non-competition obligations.  When Esposito left Matthews to join Implant in October 2015, the District Court found that he took with him thousands of Matthews's documents, including confidential and client information.  The court further found that Esposito uploaded these documents to Implant's servers and used some of them in his role at Implant.

The amended complaint in this action asserts claims of trade secret misappropriation under both federal and state law; breach of contract against all of the defendants who were former employees of Matthews; and other claims under state law.[3]  Matthews moved for preliminary injunctive relief, and the District Court ordered expedited discovery.  During the discovery period, the parties reached several agreements including a standstill agreement — in which the defendants agreed not to use, access, or disclose Matthews's confidential information — as well as a remediation protocol to

---

[2] The amended complaint names the following former employees as defendants:  Gaetano Esposito, Christopher Brown, James Norton, Michael Andrews, Jarrod Gogel, Anthony Lombardi, and Ronald Stoveken.

[3] Matthews specifically alleges violations of the Defend Trade Secrets Act, 18 U.S.C. § 1836, et seq., and the Pennsylvania Uniform Trade Secrets Act, 12 Pa. C.S. § 5301, et seq.

effectuate the return of Matthew's information on Implant's and IR's systems. The District Court held an evidentiary hearing on the motion over the course of four days.

The District Court granted in part Matthews's motion for a preliminary injunction. Relying on the parties' agreements and representations made by the defendants in their post-hearing brief, the District Court "entere[d] an order memorializing this agreed-to relief." Appendix ("App.") 16. This order, in summary, required the defendants to "return and not use Matthews's information, [to] remediate their systems in compliance with an agreed-to protocol, and [to] not provide cremator-service to any customers that presently have Matthews's cremators." App. 17. The District Court concluded that this relief "protects Matthews from the alleged misappropriation and conversion of its trade secrets and confidential information, as well as remedies (at this time) any contractual breach-of-confidentiality claims." Id. at 17 n.5. Because the defendants agreed "to return, and not use, all of Matthew's information," the District Court determined it "need not detail which information is appropriately considered a trade secret." Id.

From this "baseline" relief, the District Court then considered whether Matthews was entitled to additional injunctive relief based on its former employees' restrictive covenants. App. 17–18. The court enforced Esposito's non-solicitation and non-competition obligations for a two-year period. It denied the motion as to all other defendants who were former employees.

The District Court entered an order memorializing the injunctive relief set forth in its opinion (the "Original Order"). The defendants soon thereafter moved for clarification of the Original Order, and the court granted the motion in part (the "Revised

4

Order"). In modifying the order, the District Court explained that the standstill agreement and the defendants' representations in their post-hearing brief "limit the non-competition and non-solicitation restrictions" related to the formation and expansion of cremator-related contracts to defendants Ronald Stoveken and Michael Andrews. App. 40–41. The Court therefore removed all of the other defendants, except for Esposito pursuant to the terms of his restrictive covenant, from their obligation not to compete for certain of Matthews's customers.

Matthews filed a timely notice of appeal challenging the District Court's Original Order and Revised Order on March 26, 2021.

## II.[4]

We review the District Court's decision to grant or deny a preliminary injunction for abuse of discretion. Pyrotechnics Mgmt., Inc. v. XFX Pyrotechnics LLC, 38 F.4th 331, 335 (3d Cir. 2022). The District Court's findings of fact are reviewed for clear error and its legal conclusions are subject to plenary review. Id. A plaintiff seeking preliminary relief must show that "he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Ferring Pharms., Inc. v. Watson Pharms., Inc., 765 F.3d 205, 210 (3d Cir. 2014) (quoting Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 20 (2008)).

---

[4] The District Court had jurisdiction under 28 U.S.C. §§ 1331 and 1367. We have jurisdiction to review the District Court's partial denial of Matthew's motion for a preliminary injunction as an interlocutory order pursuant to 28 U.S.C. § 1292(a).

III.

Matthews argues that the District Court erred by limiting the scope of preliminary relief in the Revised Order and by declining to enforce the restrictive covenants of certain of its former employees. We address each argument in turn.

A.

Matthews contends that the District Court committed error in holding that it could not enjoin the defendants from competing absent an agreement or an enforceable non-compete. It therefore asks this Court to remand so that the District Court can analyze whether its claims for misappropriation of trade secrets under federal and Pennsylvania law entitle it to the additional preliminary relief that it seeks. While a court has the discretion, in limited circumstances, to restrain competition in order to prevent disclosure and use of misappropriated trade secrets, see, e.g., Bimbo Bakeries USA, Inc. v. Botticella, 613 F.3d 102, 118–19 (3d Cir. 2010); SI Handling Sys., Inc. v. Heisley, 753 F.2d 1244, 1265 (3d Cir. 1985), we agree with the District Court that such relief is not warranted on this record.

The District Court held that the clarifications in it Revised Order were "consistent with its opinion, and d[id] not affect its prior analysis[.]" App. 41. It further held that "absent [d]efendants' agreement or an enforceable non-compete, the Court cannot restrain competition, at least at the preliminary-injunction stage." Id. at 41 n.1. We agree that, on this record, Matthews's claims for trade secret misappropriation do not provide a basis for the scope of relief sought. In considering a preliminary injunction order in a theft of trade secrets case, we recently cautioned that "[t]he description of the conduct

6

enjoined should be narrowly tailored to reach only those acts that closely relate to the unlawful conduct giving rise to an entitlement to injunctive relief." Mallet & Co. v. Lacayo, 16 F.4th 364, 389 (3d Cir. 2021). The relief in that case was problematic because it "extend[ed] the scope of the injunction to reach what appear[ed] to be lawful conduct." Id. We noted that "[i]t would take a truly extraordinary showing – one not made here – to justify an order ejecting a competitor from the marketplace altogether. Injunction orders should not restrain competitors from engaging in lawful business activities." Id. at 390 (footnote omitted).

The Revised Order enjoins all of the defendants from disclosing or using Matthew's information and requires the defendants to return all of Matthews's information. It was not error for the District Court to conclude that the scope of the conduct already enjoined in the Revised Order protects Matthews's trade secrets and prevents any irreparable harm. We therefore hold that the District Court did not abuse its discretion in denying Matthews the preliminary injunctive relief initially set forth in the Original Order. See Reilly v. City of Harrisburg, 858 F.3d 173, 179 (3d Cir. 2017) ("[A] movant for preliminary equitable relief . . . must demonstrate . . . it is more likely than not to suffer irreparable harm in the absence of preliminary relief.").[5]

---

[5] Although not discussed in the parties' briefs, it appears that the terms of the Original Order are currently in effect due to sanctions imposed by the District Court. The court "enjoin[ed] all Defendants from competing with Matthews, as outlined in paragraph 4 of the Court's [Original Order]" and ordered this sanction to remain in effect until the defendants fully complied with their obligations to return all of Matthews's documents. App. 48. It further suggested that Matthews's motion for reconsideration was "partially mooted in light of the contempt relief," which was "essentially the same relief Matthews requests in its motion for reconsideration[.]" App. 50.

B.

Matthews next argues that the District Court erred in determining that it was not entitled to preliminary injunctive relief based on its breach of contract claims against certain of its former employees. See Hess v. Gebhard & Co., 808 A.2d 912, 917 (Pa. 2002) (setting forth the standard for enforcing restrictive covenants under Pennsylvania law). For largely the reasons given by the District Court, we conclude that the District Court did not err in declining to enforce the non-competition and non-solicitation obligations of these former employees. We address the breach of contract claim against each employee in turn below.

Anthony Lombardi's non-competition and non-solicitation obligations arise under his Matthews's equity compensation plan agreements. Because these agreements specifically provided for an adequate remedy at law that requires Lombardi to return compensation in the event of a breach, the District Court properly determined that Matthews would not suffer irreparable harm.

The District Court found that Ronald Stoveken never manifested an intent to be bound by the agreement with Matthews that contained his non-competition and non-solicitation obligations. Because this factual finding was not clearly erroneous, we hold that the District Court did not err in denying preliminary relief.

Michael Andrews had limited interaction with customers and performed duties in which Matthews generally did not require restrictive covenants. The District Court therefore determined that enforcing the non-competition and non-solicitation obligations were not reasonably necessary to protect Matthews's business interests. With respect to

8

Jarrod Gogel, the District Court similarly determined that enforcement was not reasonably necessary to protect Matthews's business interests. It further found that Gogel's involuntary termination weighed strongly against enforcement of his restrictive covenants. We agree and hold that the District Court did not abuse its discretion in declining the requested preliminary injunctive relief on these claims.

Lastly, the District Court found that Christopher Brown and James Norton did not breach their restrictive covenants because they only worked on processors during the two-year period in which the restrictions were in effect. Because we see no clear error in the District Court's factual findings, it properly held that Matthews could not show a reasonable likelihood of success on these breach of contract claims.[6]

## IV.

For the foregoing reasons, we will affirm the orders of the District Court.

---

[6] Matthews also challenges the District Court's requirement that it post an $850,000 bond to enforce Esposito's non-competition and non-solicitation obligations. The District Court calculated the amount of the bond based on Esposito's salary being between $400,000 and $450,000 and the restrictive covenants being enforced for two years. We conclude that the District Court did not abuse its discretion in determining the amount of the bond. See Mallet & Co. v. Lacayo, 16 F.4th 364, 390 n.35 (3d Cir. 2021).

We have considered Matthews's other arguments not specifically addressed here and conclude that they are without merit.