**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 19-1423

_____

CABELA'S LLC,
a Delaware limited liability company

Appellant

v.

MATTHEW HIGHBY, an individual;
MOLLY HIGHBY, an individual;
HIGHBY OUTDOORS, LLC,
a Nebraska limited liability company

_____

On Appeal from the United States District Court
for the District of Delaware
(D. Del. No. 1-18-cv-01223)
District Judge: Hon. Richard G. Andrews

_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a) on
May 20, 2019

Before: McKEE, SHWARTZ, FUENTES, *Circuit Judges*.

(Opinion Filed: April 14, 2020)

_____

OPINION*

_____

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

McKee, *Circuit Judge*.

Plaintiff-Appellant Cabela's, LLC appeals the district court's order denying its motion for preliminary injunction, which sought to enjoin Defendant-Appellees Matthew Highby, Molly Highby, (collectively, the "Highbys") and Highby Outdoors, LLC's alleged violations of certain non-compete, non-solicitation, and confidentiality provisions in their respective Proprietary Matters Agreements ("PMAs").[1]   For the reasons that follow, we will affirm.[2]

**I.**

Cabela's argues that 6 Del. C. § 2708(a) and the Delaware Supreme Court's affirmance of *FdG Logistics LLC v. A&R Logistics Holdings, Inc.*,[3] require that a choice-of-law provision in a contract should prevail in any conflict-of-law analysis under the Restatement (Second) of Conflict of Laws § 187.[4]   However, § 2708 only requires a court to presume that the contracting parties and/or relevant transactions have a significant and material relationship with Delaware.  It does not, and indeed could not, require a court to presume no other forum has a significant and more material interest in its law being

---

[1] JA004-5; *see also* JA0077-91.
[2] "When reviewing a district court's denial of a preliminary injunction, we review the court's findings of fact for clear error, its conclusions of law de novo, and the ultimate decision . . . for an abuse of discretion." *Reilly v. City of Harrisburg*, 858 F.3d 173, 176 (3d Cir. 2017) (alteration omitted). The district court had diversity jurisdiction under 28 U.S.C. § 1332(a)(1) and we have jurisdiction over the district court's denial of this interlocutory order pursuant to 28 U.S.C. § 1292(a)(1).
[3] 131 A.3d 842, 854-855 (Del. Ch. 2016), *aff'd* 148 A.3d 1171 (Del. 2016).
[4] Cabela's may rely upon § 2708 and *FdG Logistics* on appeal even though it did not specifically argue the applicability of either before the district court.  *See Thompson v. Real Estate Mortg. Network*, 748 F.3d 142, 149 n.6 (3d Cir. 2014).

applied. Accordingly, the district court appropriately considered whether Nebraska had a materially greater interest in applying its law to the interpretation of the PMAs given the parties' agreement that Nebraska law would govern absent the Delaware choice-of-law provision.[5]

The district court correctly identified a conflict between Delaware's fundamental policy in upholding the freedom of contract and Nebraska's fundamental policy of not enforcing contracts that prohibit ordinary competition.[6] The fact that the PMAs were executed in Nebraska between Nebraska citizens, the alleged breaches of the PMAs occurred in Nebraska, and Cabela's claims are partially based upon Nebraska law, demonstrate Nebraska's materially greater interest in applying its laws to the PMAs if the PMAs prohibit ordinary competition.[7]

The district court correctly determined that the PMAs constrained ordinary competition because they prohibited the Highbys from using the general skills and training they acquired while they were employed at Cabela's in any retail space selling hunting, fishing, and other outdoor products with a reach outside of Nebraska.[8]

Given the unenforceability of the non-compete provision, the non-solicitation provision in the PMAs is also void.[9] This covenant and the noncompetition provision formed one integrated covenant not to compete that constituted an unenforceable restraint

---

[5] JA0011

[6] *Gaver v. Schneider's O.K. Tire Co.*, 856 N.W.2d 121, 127, 130 (Neb. 2014).

[7] JA0036-37, 40-42, 51-53, 91-107, 109-121.

[8] We decline Cabela's request to certify this question to the Delaware Supreme Court as we do not find the law to be unsettled on this point. *See* Op. Br. at 37.

[9] JA0006, 15-17.

on trade under Nebraska law.[10]  Under, Nebraska law, where multiple provisions in an agreement form one covenant not to compete, any void provision invalidates the remainder of the agreement.[11]  Because Cabela's has failed to show a likelihood of success on the merits of its breach of contract claims, this failure "necessarily result[s] in the denial of a preliminary injunction."[12]

Finally, we conclude that the district court did not abuse its discretion in determining the alleged breaches of the confidentiality provision did not warrant the "extraordinary remedy" of a preliminary injunction.[13]  Cabela's arguments to the contrary ignore the court's findings and reasoning on three key points.[14]  First, the court found that the harm suffered by Cabela's was "minimal,"[15] and that the adverse effect of granting an injunction that would effectively put the Highbys out of business was greater than any harm arising from denying the request for an injunction.[16]  Second, the court determined that the strong public interest in allowing ordinary competition would be curtailed if Highbys Outdoors was not operable.  Third, and finally, the court reasoned that granting

---

[10] *H & R Block Tax Servs., v. Circle A Enters.*, 693 N.W.2d 548, 553 (Neb. 2005); *see also* JA0016.

[11] *Id.*

[12] *Am. Exp. Travel Related Servs., Inc. v. Sidamon-Eristoff*, 669 F.3d 359, 366 (3d Cir. 2012) (internal quotation marks omitted).

[13] *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008).

[14] Op. Br. at 52-54.

[15] JA0024-25.

[16] Moreover, the harm to Cabela's from the Highbys' alleged continued use of confidential information will decrease with time, thereby making that minimal harm *de minimis* during the course of the injunction.  *Id.*

the injunction would essentially enforce the void non-compete and non-solicitation provisions.[17]  We agree.

## II.

For the reasons set forth above, we will affirm the judgment of the district court.

---

[17] *Id*.