**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-1538
_____

WILNICK DORVAL,
Appellant

v.

KAC 357 INC. d/b/a Plaza Extra Supermarket;
WALEED MOHAMMED HAMED
_____

On Appeal from the District Court
of the Virgin Islands
(D.C. Civil No. 3-18-cv-00095)
District Judge: Honorable Anne E. Thompson
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
December 10, 2020

Before: SMITH, *Chief Judge*, CHAGARES, and MATEY, *Circuit Judges*.

(Filed: December 17, 2020)
_____

OPINION*
_____

_____

* This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

MATEY, *Circuit Judge*.

We consider Wilnick Dorval's claims against Plaza Extra Supermarket and its owner that for more than a year, store employees harassed and intimidated him because of his race. Dorval filed this lawsuit in the District Court of the Virgin Islands, alleging mainly racial discrimination and harassment,[1] and later filed motions for a preliminary injunction, permanent injunction, and temporary restraints. Following a bench trial, the District Court found for Appellees on all counts and denied Dorval injunctive relief. Dorval timely appeals both orders. Finding no error, we will affirm.

## I. DISCUSSION

### A.     Dorval's Claims Fail as a Matter of Law

We review the District Court's factual findings for clear error and exercise plenary review over its legal conclusions. *Trs. of Nat'l Elevator Indus. Pension, Health Benefit & Educ. Funds v. Lutyk*, 332 F.3d 188, 191 (3d Cir. 2003) (quoting *In re Unisys Sav. Plan Litig.,* 173 F.3d 145, 149 (3d Cir. 1999)). Applying those standards, we conclude that the record supports the District Court's judgment that the evidence did not prove Dorval's claims. Dorval points to certain video recordings, but they do not involve Plaza Extra employees or named defendants. In contrast, other videos introduced at trial show Dorval shopping at Plaza Extra without interruption or incident. Because there is no basis to set aside the District Court's findings, we agree that Dorval has not proven his allegations.

---

[1] He also alleged negligence and intentional infliction of emotional distress.

2

**B.** **Dorval Is Not Entitled to Injunctive Relief**

To obtain a preliminary injunction,[2] Dorval must show: (1) that he has "a reasonable probability of eventual success" in litigation; (2) that he will suffer irreparable injury absent injunctive relief; (3) that the balance of harms favors him; and (4) that the relief he requests is in the public interest. *Reilly v. City of Harrisburg*, 858 F.3d 173, 176 (3d Cir. 2017) (quoting *Del. River Port Auth. v. Transamerican Trailer Transp., Inc.*, 501 F.2d 917, 919–20 (3d Cir. 1974)). We agree with the District Court that Dorval has not shown that he was treated differently by the Appellees based on his race. So injunctive relief cannot be awarded, and the District Court did not abuse its discretion when it denied his motions.

## II. CONCLUSION

Dorval's evidence presented at trial did not prove his claims. And he has no basis for injunctive relief. For those reasons, we will affirm.

---

[2] Permanent injunctions have a similar standard but are harder to prove, because a person must show actual success on the merits. *Ferring Pharm., Inc. v. Watson Pharm., Inc.*, 765 F.3d 205, 215 n.9 (3d Cir. 2014). Because Dorval cannot meet the preliminary injunction standard, he does not meet the requirements for a permanent injunction. We lack jurisdiction to review the grant or denial of Dorval's request for a temporary restraining order. *Robinson v. Lehman*, 771 F.2d 772, 782 (3d Cir. 1985) ("The denial of a temporary restraining order is not generally appealable unless its denial decides the merits of the case or is equivalent to a dismissal of the claim."). The exceptions for review do not apply here, because the merits were decided by the District Court's order and judgment after the trial, not by the order on the motion for a temporary restraining order.