**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-1125
_____

PHILADELPHIA VIETNAM VETERANS MEMORIAL SOCIETY,
Appellant

v.

MAYOR PHILADELPHIA; PHILADELPHIA ACTING MANAGING DIRECTOR
_____

On Appeal from the United States
District Court for the Eastern District of Pennsylvania
(Civil No. 2:20-cv-05418)
District Judge: Honorable Nitza I. Quiñones Alejandro
_____

Argued October 26, 2021
_____

Before: GREENAWAY, JR., PHIPPS, and COWEN, *Circuit Judges*


(Opinion Filed: March 23, 2022)

John M. Bloor [**ARGUED**]
Jason P. Gosselin
Faegre Drinker Biddle & Reath
One Logan Square
Suite 2000 Philadelphia, PA 19103

*Counsel for Appellant*

Jane L. Istvan [**ARGUED**]
Craig R. Gottlieb
Diana P. Cortes, City Solicitor
City of Philadelphia
Law Department

1515 Arch Street
Philadelphia, PA 19102

*Counsel for Appellees*

_____

OPINION[*]
_____

GREENAWAY, JR., *Circuit Judge*.

When evaluating a motion for a preliminary injunction, a gatekeeping issue to resolve is whether the movant is more likely than not to suffer irreparable harm should we deny its request. Here, Philadelphia Vietnam Veterans Memorial Society ("PVV") argues that it satisfies every requirement to secure a preliminary injunction against Philadelphia's Event Moratorium ("Moratorium"), including irreparable harm. We disagree. For purposes of this opinion, we assume without deciding that PVV had standing to bring suit and that the controversy has not become moot. Ultimately, we affirm based on PVV's failure to show irreparable harm.

I.    BACKGROUND

Mayor Kenney of Philadelphia issued a Moratorium on July 14, 2020 stating that the City would not be issuing permits for special events and public gatherings of 50 or

_____

[*] This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

more people on public property.  It was posted on the "COVID-19 guidance and updates" page of the City of Philadelphia's website.  J.A. 64-65.  The Moratorium expressly applied to parades but excluded "Demonstrations and First Amendment Protected activities."  J.A. 65.

This Moratorium rendered PVV unable to host its annual parade, which honors veterans and raises funds for its programming.  Concerned that the Moratorium's distinction between parades and demonstrations constituted an impermissible content-based distinction in violation of the First Amendment, PVV, through its counsel, wrote a September 15, 2020 letter to the Philadelphia Solicitor asking him to retract the Moratorium.

Diana Cortes, the Chair of the City's Litigation Group, responded in a letter "correct[ing]" PVV's "misimpression" that the City would issue permits for demonstrations but not parades, stating that the City was not granting permits for "any protests, parades, demonstrations, festivals, etc." J.A. 124–25 (emphasis in original).  She further advised that "the bottom line is that [PVV's] members can gather on public space," and assured that the "City has not been forcibly dispersing any peaceful gatherings in an effort to avoid confrontation."  J.A. 124–25.

Subsequently, the City issued three relevant Executive Orders.  A September 21, 2020 "Supplemental Order" provided that the City "will not be enforcing such permitting requirements for gatherings of 150 people or less."  J.A. 127–32.  Aside from the 150-

3

person exception, "[a]ll other permitting and licensing requirements must be followed," and "failure to comply" "shall result" in "orders to cease operations and the imposition of penalties, fines, license suspensions, and other remedies as provided for by law." J.A. 130–31. Despite that warning, the Supplemental Order reiterated the City's "policy to avoid unnecessary confrontations" even for "gatherings of prohibited sizes." J.A. 131.

Unassuaged by the letter, PVV commenced this action in the District Court on October 30, 2020 against Mayor Kenney of Philadelphia and the Acting Managing Director of the City of Philadelphia, Tumar Alexander. PVV sought a declaration that the Moratorium violates the First and Fourteenth Amendments. PVV also filed a motion for a preliminary injunction, pursuant to Federal Rule of Civil Procedure ("Rule") 65, seeking to prohibit the Mayor from enforcing the Moratorium or otherwise interfering with the First Amendment rights of PVV or others similarly situated.

After commencement of the lawsuit, the City promulgated a November 16, 2020 Executive Order announcing an outdoor gathering limit of 2,000 people per 1,000 square feet. Then on November 23, it issued an Executive Order expressly rescinding the Moratorium and providing that the City would not be enforcing permitting requirements for large public gatherings.

The District Court denied PVV's motion for a preliminary injunction against the Moratorium as moot. It reasoned that the Moratorium was an "unofficial policy statement not subject to judicial review." J.A. 23. It also stated that subsequent

4

Executive Orders "implicitly or explicitly rescinded the restrictions expressed in the Moratorium." J.A. 23. With respect to the November 23, 2020 Executive Order, the District Court noted that PVV sought to enjoin it for the first time in its Reply Brief. Nonetheless, the District Court addressed the argument, holding that PVV failed to show that it would more likely than not suffer irreparable harm in the absence of the preliminary injunction. PVV timely appealed the District Court's denial of its motion for a preliminary injunction against the Moratorium.

## II.  JURISDICTION AND STANDARD OF REVIEW

The District Court had subject matter jurisdiction over the underlying action pursuant to 28 U.S.C. § 1331 because the claims arise under federal law, namely 42 U.S.C. § 1983 and the First and Fourteenth Amendments. This Court has jurisdiction under 28 U.S.C. § 1292(a)(1) because interlocutory appeals from an order denying a preliminary injunction are reviewable as of right.

"With respect to the denial of a motion for a preliminary injunction, we review findings of fact for clear error, legal conclusions *de novo*, and the decision to grant or deny the preliminary injunction for an abuse of discretion." *Holland v. Rosen*, 895 F.3d 272, 285 (3d Cir. 2018). We exercise plenary review of mootness determinations. *Salovaara v. Jackson Nat'l Life Ins. Co.*, 246 F.3d 289, 295 (3d Cir. 2001).

5

## III.   DISCUSSION

We agree with the District Court's denial of PVV's motion for a preliminary injunction against the Moratorium.[1]  PVV has not shown that it will more likely than not suffer irreparable harm in the absence of a preliminary injunction.

### A.   Preliminary Injunction

Preliminary injunctive relief is an "extraordinary remedy" that "should be granted only in limited circumstances."  *Kos Pharm., Inc. v. Andrx Corp.*, 369 F.3d 700, 708 (3d Cir. 2004) (citations omitted) (quoting *Am. Tel. & Tel. Co. v. Winback & Conserve Program, Inc.*, 42 F.3d 1421, 1427 (3d Cir. 1994)).  In determining whether to grant a request for injunctive relief, courts consider four factors.  These factors are: (1) "whether the movant has shown a reasonable probability of success on the merits"; (2) "whether the movant will be irreparably injured by the denial of the relief"; (3) "whether granting preliminary relief will result in even greater harm to the nonmoving party"; and (4) "whether granting the preliminary relief will be in the public interest."  *Crissman v. Dover Downs Ent. Inc.*, 239 F.3d 357, 364 (3d Cir. 2001).

---

[1] We will not consider PVV's claim that the Moratorium is void for vagueness in violation of the Due Process Clause of the Fourteenth Amendment.  At Oral Argument, PVV conceded that it waived this claim.  Oral Argument at 0:36-0:40, *Philadelphia Vietnam Veterans Memorial Society v. Mayor of Philadelphia, et al.*  (No. 21-1125), https://www2.ca3.uscourts.gov/oralargument/audio/21-1125PhiladelphiaVietnamVeteransetalv.MayorPhiladelphiaetal.mp3.

Courts consider the latter two factors only if the movant "meet[s] the threshold for the first two most critical factors: it must demonstrate that it can win on the merits (which requires a showing significantly better than negligible . . .) and that it is more likely than not to suffer irreparable harm in the absence of preliminary relief." *Reilly v. City of Harrisburg*, 858 F.3d 173, 179 (3d Cir. 3017) (citations omitted). To prove irreparable harm, the movant must show that its injury is "immediate," *ECRI v. McGraw-Hill, Inc.*, 809 F.2d 223, 226 (3d Cir. 1987), and not merely "speculative," *Adams v. Freedom Forge Corp.*, 204 F.3d 475, 488 (3d Cir. 2000). In the First Amendment context, the movant must show that the "purposeful unconstitutional [government] suppression of speech" causes "a chilling effect on free expression." *Hohe v. Casey*, 868 F.2d 69, 73 (3d Cir. 1989) (alteration in original) (citations omitted) (quoting *Goldie's Bookstore v. Superior Ct.*, 739 F.2d 466, 472 (9th Cir. 1984); *Dombrowski v. Pfister*, 380 U.S. 479, 487 (1965)). That chilling effect must result from "the direct penalization, as opposed to incidental inhibition, of First Amendment rights[.]" *Id.* (citation omitted) (quoting *Cate v. Oldham*, 707 F.2d 1176, 1188 (11th Cir. 1983)).

### i. Irreparable Harm

Whether the cause is moot or whether PVV lacked standing at the start of this action, the second prong of our analysis requires PVV to show that "it is more likely than not to suffer irreparable harm in the absence of preliminary relief." *Reilly*, 858 F.3d at 179. PVV cannot make that showing because there is not a sufficient chilling effect.

Importantly, the November 23, 2020 Executive Order expressly rescinded the Moratorium providing that the City would not be enforcing permitting requirements for large public gatherings.  This means that PVV can now host its parade, which was the impetus for the suit.

## IV.    CONCLUSION

For these reasons, we will affirm the order of the District Court based on PVV's failure to satisfy the requirements for a preliminary injunction—namely, irreparable harm.