NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-3060
_____

AMRO A. ELANSARI,
                                        Appellant

v.

META, INC.,
doing business as FACEBOOK

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2-21-cv-05325)
District Judge:  Honorable Joel H. Slomsky

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
November 1, 2023

Before:  JORDAN, PHIPPS and NYGAARD, Circuit Judges

(Opinion filed: January 16, 2024 )
_____

OPINION*
_____

PER CURIAM

---

\* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Pro se Appellant Amro Elansari sued Defendant Meta, Inc.,[1] ("Meta") doing business as Facebook. Elansari seeks to hold Meta liable for allegedly removing an unspecified amount of Muslim and/or Palestinian content while preserving unspecified Jewish and/or Israeli content, and for allegedly banning unspecified Muslim users—with the exception of the "Al-Qastal News" organization ("Al-Qastal")—while allowing unspecified Jewish users to continue to use Meta's service. He alleges that Meta engaged in unlawful discrimination on the basis of religion in violation of 42 U.S.C. § 2000a, commonly known as Title II of the Civil Rights Act of 1964 ("Title II"). He also pleads in the alternative that Meta racially discriminated in its contractual relationships in violation of 42 U.S.C. § 1981. Elansari further alleges negligent and fraudulent representation in violation of state law. Meta timely filed a motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), and Elansari timely responded. The District Court granted Meta's motion, holding that (1) Title II did not apply to Meta as it is not a place of public accommodation under Third Circuit law; (2) Elansari did not allege that Meta discriminated against him personally; (3) Elansari failed to present sufficient factual matter to support his claims; and (4) even were this not so, § 230 of the Communications Decency Act barred his complaint in its entirety. Elansari appealed.

We have appellate jurisdiction under 28 U.S.C. 1291. We review de novo the grant of a motion to dismiss, and "[i]n doing so, we accept all factual allegations in the

---

[1] Meta identifies itself as Meta Platforms, Inc., but did not move to correct the record.

complaint as true and construe those facts in the light most favorable to the plaintiff[].” Newark Cab Ass'n. v. City of Newark, 901 F.3d 146, 151 (3d Cir. 2018). "To survive a motion to dismiss, a complaint must contain sufficient factual allegations, taken as true, to 'state a claim to relief that is plausible on its face.'" Fleisher v. Standard Ins., 679 F.3d 116, 120 (3d Cir. 2012) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

Elansari does not allege that he owned, created, controlled, or had personal involvement with the allegedly removed content in any capacity other than as someone who had previously viewed it as a member of the public, nor does he allege any personal involvement with the allegedly banned users, including Al-Qastal. Likewise, he does not argue that he was denied the same level of service that Meta offers to all of its users. Rather, Elansari argues that he is entitled to relief "as a Muslim being discriminated against by the Defendant in having their news and information sources banned while Jewish news and information sources are not banned." Compl. ¶ 17

Meta argues that Elansari lacks standing to bring his complaint.[2] To establish standing, Elansari "bears the burden of establishing: '(1) an injury-in-fact; (2) that is fairly traceable to the defendant's challenged conduct; and (3) that is likely to be redressed by a favorable judicial decision.'" Kelly v. RealPage Inc., 47 F.4th 202, 211 (3d Cir. 2022) (quoting St. Pierre v. Retrieval-Masters Creditors Bureau, Inc., 898 F.3d

---

[2] Although the District Court did not address the issue of standing, it goes to subject matter jurisdiction, which must be ascertained, see Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 95 (1998), and cannot be forfeited or waived. See United States v. Cotton, 535 U.S. 625, 630 (2002).

351, 356 (3d Cir. 2018).  An injury-in-fact must be "concrete, particularized, and actual or imminent."  See TransUnion LLC v. Ramirez, 141 S.Ct. 2190, 2203 (2021) (citing Lujan v. Defs. of Wildlife, 504 U.S. 555, 560–61 (1992)).  "Essentially, the standing question… is whether the constitutional or statutory provision on which the claim rests properly can be understood as granting persons in the plaintiff's position a right to judicial relief."  Warth v. Selden, 422 U.S. 490, 500 (1975).

Informational injuries generally relate to requests for information under specific legislation, such as the Federal Advisory Committee Act, the Federal Election Campaign Act, and the Fair Credit Reporting Act.  See, e.g., Public Citizen v. U.S. Dept. of Justice, 491 U.S. 440, 443 (1989); Fed. Elec. Com'n v. Akins, 524 U.S. 11, 13–14 (1998); Spokeo, Inc. v. Robins, 578 U.S. 330, 333–35 (2016); TransUnion, 141 S.Ct. at 2200; and Kelly, 47 F.4th at 205.  To establish standing under the informational injury doctrine, "a plaintiff need only allege that she was denied information to which she was legally entitled, and that the denial caused some adverse consequence related to the purpose of the statute."  Kelly, 47 F.4th at 212.  The instant case relates to a plaintiff's request for a court order mandating either the publication of the plaintiff's preferred third-party content on a social media platform or the removal of his disfavored third-party content from that platform.

As "entitlement to the information allegedly withheld is the *sine qua non* of the informational injury doctrine," Huber v. Simon's Agency, Inc., No. 22-2483, 2023 WL 6629836, at *5 (3d Cir. Oct. 12, 2023), Elansari fails to establish standing under this

4

doctrine because he does not show that he is legally entitled to the publication of the requested content or the removal of other content. Elansari makes conclusory and vague references to Meta's Terms of Use document, but does not point to specific language entitling him to the relief he seeks. Nor does he invoke a statute that creates a right to information, such as the statutes referenced above.

Instead, Elansari relies on Title II, which bars certain forms of discrimination but does not create a right to information. Moreover, this statute cannot be understood as granting him a right to relief because he does not allege that he was personally denied the "full and equal enjoyment" of Meta's service or that he could not access the same content as any other Meta user, let alone that he could not do so on the basis of his race or religion. See 42 U.S.C. § 2000a(a). Additionally, Title II does not entitle Elansari to a right to relief because Meta is not a "place of public accommodation." See Ford v. Schering-Plough Corp., 145 F.3d 601, 612–14 (3d Cir. 1998) (holding that Title II is limited to physical structures and accommodations).[3]

Furthermore, Elansari seeks to hold Meta liable for its decisions regarding which content to publish, but § 230 of the Communications Decency Act "'precludes courts

---

[3] In his brief, Elansari asks us to overrule our precedent on this matter, but because one panel cannot overrule another, see Reilly v. City of Harrisburg, 858 F.3d 173, 177 (3d Cir. 2017), we remain bound by precedent and cannot extend Title II to digital venues, even if we were so inclined. We also note that by focusing exclusively on Title II in his brief, Elansari has forfeited all other issues raised in his complaint. See In re: Asbestos Prod. Liab. Litig. (No. VI), 873 F.3d 232, 237 (3d Cir. 2017) (citing McCray v. Fidelity Nat'l Ins. Co., 682 F.3d 229, 241 (3d Cir. 2012)).

from entertaining claims that would place a computer service provider in a publisher's role,' and therefore bars 'lawsuits seeking to hold a service provider liable for its exercise of a publisher's traditional editorial functions – such as deciding whether to publish, withdraw, postpone, or alter content.'" Green v. America Online (AOL), 318 F.3d 465, 471 (3d Cir. 2003) (quoting Zeran v. America Online, Inc., 129 F.3d 327, 330 (4th Cir. 1997)). In sum, Elansari presents no support, nor are we familiar with any, to ground his liberally construed argument that he is legally entitled to relief because Meta does not publish his preferred racial or religious content.

Accordingly, we agree with Meta that Elansari lacks standing, and will affirm the judgment of the District Court.