**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-3026
_____

GAIA GARDENS, LLC; PETER PAUL LANDSCAPERS, LLC; CARUSO
PROPERTY SERVICES, LLC; JAMES DYER LANDSCAPING, LLC; E.C.M.
LANDSCAPING, INC.; HOLMES LANDSCAPE, INC.;  MCMILLAN
LANDSCAPING CONTRACTORS, LLC; O. MIRA LANDSCAPING & DESIGN,
LLC; PILGRIM PRUNING, LLC; R & J LAND CARE, LLC; SIMON J. HAMILL,
LLC; JOSPEH BOCCHIARO, DBA Bocchiaro Landscaping; BOB FREDETTE, DBA
Fredette Landscaping; PASQUALE GANGALA, DBA Gangala Landscaping; JOHN
MICHURA, DBA JD Lawncare; LOU STANCATO, DBA Stancato Landscaping;
ROBERT GOLDEN; RICCARDO MANCUSO; AL GREIG MASONRY, LLC,
Appellants

v.

TOWNSHIP OF MONTCLAIR
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 2-23-cv-20733)
District Judge: Honorable Julien X. Neals
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
on October 29, 2024

Before: CHAGARES, *Chief Judge*, PORTER, and CHUNG, *Circuit Judges.*

(Filed: December 23, 2024)

———————————

OPINION[*]

———————————

**PORTER**, *Circuit Judge*.

Appellants, New Jersey residents and landscapers, sought unsuccessfully to enjoin a Township of Montclair ordinance limiting the use of gas-powered leaf blowers. Appellants have not shown that they would suffer irreparable harm, so we will affirm the District Court's order denying preliminary injunctive relief.

I

For many years Montclair has restricted by ordinance the use of gas-powered leaf blowers to certain months of the year and hours of the day. In 2023 the Township Council introduced and approved Ordinance O-23-31, later amended by Ordinance O-23-35 ("Ordinance"). The Ordinance prohibits the use of gas-powered leaf blowers within the township, prohibits the use of gas or diesel generators to power electric leaf blowers, and reimposes hourly restrictions on the use of electric leaf blowers.

Appellants filed suit, alleging that the Ordinance violates various provisions of the United States and New Jersey Constitutions and the New Jersey Civil Rights Act. Appellants then moved to preliminarily enjoin enforcement of the Ordinance. The District Court denied the motion, holding that Appellants failed to demonstrate a likelihood of success on the merits and failed to allege irreparable harm.

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Appellants timely appealed.

## II[1]

In considering whether to grant a preliminary injunction, a district court generally considers four factors:

> (1) the likelihood that the plaintiff will prevail on the merits at final hearing; (2) the extent to which the plaintiff is being irreparably harmed by the conduct complained of; (3) the extent to which the defendant will suffer irreparable harm if the preliminary injunction is issued; and (4) [that] the public interest [weighs in favor of granting the injunction].

*Ramsay v. Nat'l Bd. of Med. Exam'rs*, 968 F.3d 251, 256 (3d Cir. 2020) (quoting *Greater Phila. Chamber of Com. v. City of Philadelphia*, 949 F.3d 116, 133 (3d Cir. 2020)) (alterations in original). While all four factors are necessary, the first two are the "most critical." *Reilly v. City of Harrisburg*, 858 F.3d 173, 179 (3d Cir. 2017) (quoting *Nken v. Holder*, 556 U.S. 418, 434 (2009)). "[A] failure to show a likelihood of success or a failure to demonstrate irreparable injury must necessarily result in the denial of a preliminary injunction." *S. Camden Citizens in Action v. N.J. Dep't of Env't Prot.*, 274 F.3d 771, 777 (3d Cir. 2001) (quoting *In re Arthur Treacher's Franchisee Litig.*, 689 F.2d 1137, 1143 (3d Cir. 1982)).

Appellants allege that continued operation of the Ordinance would inflict three kinds of irreparable harm: (1) landscaper Appellants would lose customers and

---

[1] The District Court has jurisdiction under 28 U.S.C. § 1331. We have jurisdiction for this interlocutory appeal under 28 U.S.C. § 1292(a)(1). "We employ a tripartite standard of review for . . . preliminary injunctions. We review the District Court's findings of facts for clear error. Legal conclusions are assessed de novo. The ultimate decision to grant or deny the injunction is reviewed for abuse of discretion." *Kim v. Hanlon*, 99 F.4th 140, 152 n.6 (3d Cir. 2024) (citation omitted).

employees if forced to employ less efficient methods for leaf removal; (2) landscaper Appellants and their employees would face increased risk of personal injury from carrying and using electric leaf blowers; and (3) landscaper Appellants would lose goodwill they have built up with their communities and customers.[2] Appellants also argue that their burden to demonstrate irreparable harm is lessened because "the issues at stake are matters of public interest." Opening Br. at 52.

The District Court found Appellants' alleged harms to be economic in nature, and therefore "capable of ascertainment and award at final judgment." J.A. 27 (quoting *Instant Air Freight Co. v. C.F. Air Freight, Inc.*, 882 F.2d 797, 801 (3d Cir. 1989)). Thus, the District Court held, because those losses can be fully compensated, they are not irreparable, and they do not support a preliminary injunction.

On appeal, Appellants' only response to the District Court's characterization of their harms as economic is a conclusory assertion that the Ordinance will "caus[e] an exodus of employees that is not quantifiable for compensatory damages." Opening Br. at 53. We are not convinced. Appellants' contention, standing alone, does nothing to distinguish the potential loss of employees from other business harms that are routinely valuated and compensated, such as the loss of customers, equipment, or income.[3] *See*

---

[2] Appellants also alleged that Montclair residents facing the prospect of increased leaf removal costs might choose to remove trees from their properties. Before us, Appellants confine their discussion of this speculative harm to a brief mention in their proposed weighing of the public interest.

[3] We have recognized that "an exception exists where the potential economic loss is so great as to threaten the existence of the movant's business." *Minard Run Oil Co. v. U.S. Forest Serv.*, 670 F.3d 236, 255 (3d Cir. 2011) (quoting *Vaqueria Tres Monjitas, Inc. v.*

4

*Frank's GMC Truck Ctr., Inc. v. Gen. Motors Corp.*, 847 F.2d 100, 102–03 (3d Cir. 1988) (concluding that a variety of alleged business harms are compensable by money damages).

Appellants also continue to urge that a lower standard for irreparable harm applies to their claims. Not so. We have applied a lower standard when that standard is dictated by "statutory provision authorizing preliminary injunctive relief upon a showing of probable cause that the statute is being violated," and particularly in the antitrust context. *Instant Air*, 882 F.2d at 803. But we have never extended that practice to all constitutional claims simply because they involve "matters of strong public interest," as Appellants would have us do. Opening Br. at 52.

Finally, Appellants fault the District Court for not analyzing all four preliminary injunction factors. But as the District Court noted in its order, it was not required to do so after finding that Appellants failed to satisfy the "most critical," "threshold" factors— namely, likelihood of success on the merits and irreparable harm. *Reilly*, 858 F.3d at 179; *see also Acierno v. New Castle Cnty.*, 40 F.3d 645, 647 n.2 (3d Cir. 1994) (declining to address the district court's conclusions regarding a likelihood of success on the merits "because of our conclusion that [appellee] failed to show irreparable harm"); *Am. Exp. Travel Related Servs., Inc. v. Sidamon-Eristoff*, 669 F.3d 359, 374 (3d Cir. 2012)

---

*Irizarry*, 587 F.3d 464, 485 (1st Cir. 2009)). Appellants do not argue that this exception applies here.

("Because Amex was unable to show a likelihood of success on the merits of its claims, we need not address the remaining preliminary injunction factors.").[4]

\* \* \*

III

The District Court applied the proper standard when analyzing Appellants' irreparable injury allegations and correctly concluded that those allegations fell short. The District Court did not abuse its discretion when it declined to reach all four preliminary injunction factors, nor when it ultimately concluded that a preliminary injunction was not justified. We will therefore affirm the District Court's order denying Appellants' motion for preliminary injunction.

---

[4] Likewise, because we conclude that Appellants failed to demonstrate irreparable injury, we need not address the District Court's likelihood of success analysis.